IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **TROY PETERSON,** | ) CASE NO. 7:16CV00146 |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| **BARKSDALE, ET AL.,** | ) By: Robert S. Ballou |
| Defendant(s). | ) United States Magistrate Judge |

Troy Peterson, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that Virginia Department of Corrections ("VDOC") are violating his constitutional rights under the First Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Among other things, he complains that he has been unable to practice his Asatru holy days while in prison.[1] The case is currently before me on Peterson's recent motion seeking a "temporary injunction" directing officials to allow him to participate in a religious holiday on March 6, 2017. I construed this submission as a motion for preliminary injunction and directed the defendants to respond, and they have done so. After review of Peterson's motion and the defendants' evidence, I conclude that the motion for interlocutory injunctive relief must be denied.

I.

Peterson's current motion is brief and states:

> I am asking that the courts order Red Onion State Prison to al[l]ow me to pra[c]tice my Holiday that is coming up March 21, [2017]. I pra[c]tice Asatru[.] This is a religion approved here at Red Onion but they will not al[l]ow me to pra[c]tice my Ho[l]iday. The[y] let all the other religion have the Ho[l]idays, feast[s], or sp[e]cial foods. [A]ll I'm asking is for the prison to put my name on a feed after sundown list (Fast of Esther) for the last night. Thus I will be able to have a proper sumbri [sic] (ritual, Feast)[.] I don't see this as a burden to the prison, when 100 or more inmate[s] that aren't even Jewish ha[ve] sign[ed] up for

---

[1] I will address separately the parties' pending motions for summary judgment, the defendants' motion for protective order, and Peterson's motion to amend and motion for default judgment.

> this Holiday when I'm asking is to Be signed up for one (1) day. Please I ask this Honorable court to Help in this matter, Because I've writ[t]en everyone only to Be told no.

(Pl.'s Mot. 1, ECF No. 32.)

According to the defendants' evidence, Asatru is a religion approved for accommodation within VDOC facilities. Based on his stated Asatru beliefs and possession of Asatru religious materials, Peterson receives the Common Fare diet as an accommodation of his stated religious dietary beliefs. Per VDOC policy, the only holy days recognized and accommodated for Asatru inmates are the Summer Solstice, observed in June, and the Winter Solstice, observed in December. Neither of these holy days is approved for a special feast meal. Thus, on those days, Peterson would receive his regular Common Fare diet meals.

The Fast of Esther that Peterson mentions in his motion is a holy day observance held on March 9, 2017, specifically for inmates who practice Judaism or Messianic Judaism. Participating inmates of these faith groups are served the evening meal after sundown. Non-Jewish inmates are not permitted to participate in the Fast of Esther observance to avoid prison management difficulties. Peterson may observe his March 21, 2017 religious holy day in his cell and will receive his Common Fare dinner meal at the regularly scheduled time.

II.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits; that he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and that an injunction is in the public interest." *Id.* at 20. A "plaintiff[] seeking

2

Case 7:16-cv-00146-RSB   Document 36   Filed 02/28/17   Page 2 of 3   Pageid#: 425

preliminary relief [must] demonstrate that irreparable injury is likely in the absence of an injunction. *Id.* at 22.

I find from the current record that Peterson can show neither a likelihood of success on the merits of his underlying claim of any protected right to participate in the Fast of Esther, nor irreparable harm that he will suffer if unable to participate in this fast. As stated, the Fast of Esther is a Jewish celebration that occurs on March 9, 2017. Peterson's Asatru holy day occurs on a different day, March 21, 2017. Even if both holy days are observed by eating the evening meal after sundown, they do not occur on the same day. Thus, Peterson will suffer no harm to his practice of his later holy day if he is not allowed to participate in the observance of the Fast of Esther as he requests. Because Peterson cannot make two of the four showings required under the *Winter* standard to warrant the interlocutory injunctive relief he seeks, I will deny his motion. An appropriate order will enter herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

                                            Enter: February 27, 2017

                                            /s/ *Robert S. Ballou*

                                            Robert S. Ballou
                                            United States Magistrate Judge